UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL HUNT,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-1012-DRL-MGG

CHRISTINA REAGLE *et al.*,

    Defendants.

## OPINION AND ORDER

Michael Hunt, a prisoner without a lawyer, filed a "Verified Declaration in Opposition with a Motion for Preliminary Injunction for the Defendants Ideology, Decision, to Ban Jehovah Witness Religion Services," which this court construes as a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Hunt has sued Christina Reagle, David Liebel, Andrew Pazera, John Galipeau, and John Hicks. He alleges that, at some point in 2023, the defendants issued a facility directive to ban the Jehovah's Witnesses religion at the Westville Correctional Facility by preventing volunteers and ministers from coming to the prison. Mr. Hunt is currently

housed at the Pendleton Correctional Facility, but he anticipates he may be transferred to Westville Correctional Facility in the future.

Mr. Hunt lacks standing to bring these claims.

> Our cases have established that the 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element."

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), (quotations, citations and ellipsis omitted). Mr. Hunt isn't currently at Westville Correctional Facility and hasn't been at the facility since December 3, 2021. He hasn't suffered any injury due to the 2023 facility directive referenced in his complaint.

Mr. Hunt indicates that he suffered harm because, at some point when he was previously incarcerated at Westville Correctional Facility, he wasn't permitted to refuse the COVID-19 vaccine. It isn't clear when this occurred or who was responsible for his inability to refuse a COVID-19 vaccine based on a religious objection. But, more fundamentally, his inability to refuse a COVID-19 vaccine before his transfer on December 3, 2021, has nothing to do with the alleged changes in 2023 that give rise to this lawsuit. Therefore, Mr. Hunt hasn't alleged that he suffered an injury related to the conduct he is suing about here, and he doesn't have standing to bring this claim.

To the extent that Mr. Hunt is attempting to raise claims on behalf of other inmates, this isn't permissible. He lacks standing to assert the constitutional claims of other

2

inmates and can't pursue injunctive relief on their behalf. *See Massey v. Helman*, 196 F.3d 727, 739–40 (7th Cir. 1999) ("Among these prudential restrictions is the general rule that a litigant must assert his own legal rights and cannot assert the legal rights of a third party.").

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, the request for a preliminary injunction is DENIED and this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

December 11, 2023               *s/ Damon R. Leichty*
                                Judge, United States District Court